NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caleb J Delatorre, | No. CV-20-01012-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Freeport-McMoRan Miami Incorporated, | |
| Defendant. | |

This matter is before the Court on a number of Motions. Defendant filed a Motion to Dismiss (Doc. 8), to which *pro se* Plaintiff filed a "Motion to Address Defendant's Motion to Dismiss," which the Court construes as a Response (Doc. 11), and Defendant filed a Reply (Doc. 14). Plaintiff filed a two-page Motion for Summary Judgment (Doc. 9), to which Defendant filed a Response (Doc. 15). Plaintiff also filed a Motion to Compel discovery (Doc. 16), even though discovery in this matter has not yet commenced, and Defendant filed a Response (Doc. 17).

**I.     Background**

Plaintiff filed his Complaint in Arizona Superior Court in Pinal County and Defendant removed to this Court on May 22, 2020. (Doc. 1). Plaintiff's Complaint alleges what the Court construes as six claims against Defendant apparently related to Plaintiff's employment with Defendant, including a purported criminal charge brought under the Arizona Criminal Code. *Id.* Apart from the allegation that Plaintiff was an employee of Defendant, the Court can make out little else in Plaintiff's Complaint. Plaintiff apparently

feels that he suffered some form of harassment by an unknown and unidentified party, was terminated from his employment, and seeks $300,000,000.00 in punitive damages. (Doc. 1-1). Defendant seeks dismissal of the Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6), arguing that the Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and also fails to allege facts sufficient to state a claim under any of the statutes alleged. (Doc. 8). Defendant also argues that the claim alleging a violation of the Arizona Criminal Code can not be pleaded by an individual plaintiff and must be dismissed with prejudice. *Id*.

## II.     Legal Standards

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Ileto v. Glock, Inc*., 349 F.3d 1191, 1199–1200 (9th Cir. 2003). A complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Rule 8 standard reflects a presumption against rejecting complaints for failure to state a claim and, therefore, motions seeking such relief are disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 248–49 (9th Cir. 1997). Rule 8, however, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S., at 570. "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citation omitted).

In addition, the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557. Moreover, the Court must liberally construe pleadings submitted by a *pro se* plaintiff, affording the claimant the benefit of the doubt. *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, courts "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**III.  Analysis**

Defendant argues that the Complaint does not contain a short and plain statement that the Plaintiff is entitled to relief on any of his claims, and moreover, that some of his claims, including the claim brought under the Arizona Criminal Code, are plainly barred. (Doc. 8). The Court agrees. The clarity of Plaintiff's Complaint is complicated by a lack of cohesive factual allegations and a lack of citations to the specific legal sections he is bringing his claims under. (Doc. 1-1). In his Complaint, he lists the following claims, which the Court has enumerated for clarity:

> **Count 1:** Title VII of the Civil Rights Act of 1964
> **Count 2:** Title 42 Unlawful Employment Practices "Seniority Law"
> **Count 3:** National Labor Relations Act of 1935 "Illegal Reasoning for Termination"
> **Count 4:** Negligence in Employment "Supervision, Training"
> **Count 5:** Title 23, 23-1501 "Claim against Employer"
> **Count 6:** Title 13 Criminal Code 13-2311 "Willful concealment, Cover-up"

Plaintiff alleges psychological and other emotional injuries sustained as a result of his alleged termination, and seeks $300,000,000.00 in punitive damages, and an additional

undisclosed amount in "compensatory, consequential, general, and inconvenience damages." (Doc. 1-1 at 5-6).

Plaintiff's factual allegations are limited to eleven statements containing very little detail. Plaintiff first alleges that "Defendant covered-up/concealed the sexual harassment," without alleging who was harassed, who was the harasser, when the harassment occurred, or any other details related to the alleged harassment. (*Id.* at 7). He next alleges that the Defendant failed to investigate "Plaintiff's opinions and facts," and that Defendant failed to look into the "assailant's comments" and the "intent of the assailant." Plaintiff also alleges that Defendant retaliated against Plaintiff as a result of his "self-defense actions," without describing what those actions were, and that he was targeted as a "New Hire." (*Id.*) Lastly, Plaintiff alleges that Defendant was "negligent with the plaintiffs [sic] training and placement within the company," without describing more. (*Id.*) These statements and vague assertions do not contain a short and plain statement of the facts showing that Plaintiff is entitled to relief. Nor do his assertions demonstrate a violation of any of the statues he lists in his claims, whether for retaliatory firing, hostile work environment, or sexual harassment. Moreover, Plaintiff has not established, nor can he, that he can bring criminal charges against Defendant under the Arizona Criminal Code.[1] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that an individual may not bring criminal charges against another individual by filing a civil complaint in a federal court). None of his allegations support the claims he asserts in the Complaint.

In Response to Defendant's arguments that he has not alleged facts to state a claim to relief that is plausible on its face, Plaintiff provides an equally unclear explanation of his allegations. (Doc. 11). Plaintiff first argues that as Defendant has not disproven the allegations, the Court should accept his entitlement for relief and award damages. (Doc. 11 at 3). Moreover, rather than providing additional facts as requested by Defendant, Plaintiff states that his "Complaint shows sufficient facts to support claims." (*Id.* at 4).

---

[1] Plaintiff alleges a claim pursuant to Ariz. Rev. Stat. § 13-2311, which is a section of the Arizona criminal code that defines the crime of "fraudulent schemes and practices" in matters related to business conducted by the State of Arizona as a Class 5 Felony.

- 4 -

Plaintiff next argues that Defendant "may need more citations to plead guilty," and that "Defendant has many Examples and Citations that can lead one to believe that, legally, the Plaintiff does not have a case." (Doc. 11 at 5). Plaintiff closes with a statement that "Defendant has yet shown a defense to the charges that may be amended due to certain details without a consideration of Federal Punishment." (*Id.* at 6). In short, Plaintiff has failed to respond to any of Defendant's arguments as to why his Complaint should not be dismissed for failure to state a claim. Considering the factual assertions made in the light most favorable to Plaintiff, the Court is simply unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S., at 678 (citing *Twombly*, 550 U.S., at 556). Based on the foregoing, the Court will grant Defendant's Motion to Dismiss.

**IV.    Leave to Amend**

At the conclusion of his Response, Plaintiff states that he "will make amendments for the Defendant, and Court, if needed, after acknowledgment of the case." (Doc. 11 at 7). The Court construes this as a request to file an Amended Complaint, and, as Plaintiff is *pro se*, the Court will grant that request, with the following limitations. Plaintiff's "Title 13 Criminal Code 13-2311 Willful concealment, Cover-up" claim is dismissed <u>with prejudice</u> and shall not be reasserted in any future amended complaints. As to the remainder of the claims, Plaintiff is given leave to file a Second Amended Complaint that corrects the identified decencies. Specifically, Plaintiff must allege factual allegations in sufficient detail to put the Defendant on notice of what it is being sued for as to <u>each of his claims</u>. Plaintiff is on notice that if he chooses to file an Amended Complaint that the current allegations will not suffice, and Plaintiff must provide more detailed allegations, along with a correlation between his factual allegations and the claims alleged.

Given the specific guidance on the Complaint's deficiencies, the Court is not inclined to grant Plaintiff leave to file a third complaint if the amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding

deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Therefore, if Plaintiff chooses to file an Amended Complaint that is deficient in any way described herein, it will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 8) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint, omitting claims that have been dismissed with prejudice and curing the deficiencies identified in this Order on or before January 4, 2021. If Plaintiff elects not to file a Second Amended Complaint on or before January 4, 2021, the Clerk of Court is directed to terminate this action without further order from this Court.

**IT IS FINALLY ORDERED** that the Motion for Summary Judgment (Doc. 9) and Motion to Compel (Doc. 16) are **denied as moot**.

Dated this 1st day of December, 2020.

Honorable Diane J. Humetewa
United States District Judge